

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2005

# USA v. Fowers

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1431

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Fowers" (2005). *2005 Decisions*. Paper 1423.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1423

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1431

UNITED STATES OF AMERICA

v.

JAMES FOWERS,
Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 02-cr-00029)
District Judge:  Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
March 15, 2005

Before:  RENDELL, FISHER, Circuit Judges, and YOHN*, District Judge.

(Filed: March 29, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Defendant James Fowers appeals the District Court's denial of his motion to

_____

*Honorable William H. Yohn, Jr., Senior District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291; we review the District Court's denial of Fowers's motion for abuse of discretion. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001) (citation omitted). After carefully reviewing the parties' contentions, we conclude that Appellant's claims are without merit, and the District Court's order will be affirmed.

## I.

As we write solely for the parties, we recite only those facts necessary to our determination. A criminal complaint was filed against Fowers on August 30, 2002, charging him with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He was indicted on September 10, 2002 and, at his arraignment, retained attorney Joseph Hudak to represent him. Over the next 70 days, no action was taken in Fowers's case; the Speedy Trial clock ran on November 19, 2002. On that same date, the case was reassigned to the Hon. Sean McLaughlin, and a trial date was set for December 9, 2002.

Before trial, the Government filed notices under both Federal Rule of Evidence 609 and Rule 404(b) seeking to use Fowers's 1989 sex offender conviction to, respectively, impeach Fowers should he testify, and show motive and knowledge. Mr. Hudak did not respond to the Rule 609 notice in writing. An associate from his office appeared to argue the motions at a December 6, 2002 hearing, but the District Court noted that "it certainly did not appear ... that he was prepared." (District Court Order at

A140.)  The District Court ruled that the conviction would be admissible.

Fowers appeared before the District Court on December 9, 2002, the date trial was set to commence, and pled guilty, not pursuant to a plea agreement.  However, acting on his own, Fowers subsequently filed various motions with the District Court, after which, Mr. Hudak was permitted to withdraw.  More than three months later, Fowers, through his newly appointed counsel, Thomas Patton, filed a motion to withdraw the guilty plea based on Mr. Hudak's ineffective assistance.  A hearing on Fowers's motion to withdraw his guilty plea was held on October 2, 2003, at which time the District Court denied the motion.  Fowers nonetheless filed another motion to withdraw the plea in November, 2003, based this time on Mr. Patton's ineffective assistance.  Mr. Patton subsequently withdrew as counsel, and new counsel was appointed.  Another hearing regarding withdrawal of the guilty plea was held in January, 2004; the motion was again denied.  On February 4, 2004, the District Court imposed a sentence of 85 months.

## II.

It is well-established that a district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.  *United States v. Jones*, 336 F.3d 245 (3d Cir. 2003).  Here, the District Court twice considered Fowers's claim that there existed a "fair and just reason" for allowing him to withdraw his guilty plea.

3

Fed. R. Crim. Pro. 32(e). Both times, the District Court concluded that, notwithstanding the deficient performance Mr. Hudak rendered in failing to move to dismiss on Speedy Trial grounds and in essentially ignoring the Government's notices regarding Fowers's previous conviction, Fowers was unable to demonstrate prejudice as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (a defendant must show that his counsel's performance was both deficient and prejudicial).[1]

First, the District Court found that, even if Mr. Hudak had filed a motion to dismiss the indictment based on the Speedy Trial violation, the indictment would have been dismissed without prejudice considering the seriousness of the offense.[2] *See Campbell v. U.S.*, 364 F.3d 727, 2004 FED App. 0115P (6th Cir. 2004) (defendant did not suffer prejudice where counsel failed to move to dismiss based on Speedy Trial violation, where dismissal would have been without prejudice, the charges against defendant were serious, and there was no evidence of bad faith on part of prosecution). Second, the District Court carefully reviewed its previous rulings regarding admissibility of the 1989 conviction, and with the benefit of Mr. Patton's "able briefing on that issue,"

---

[1]The District Court also found that, despite his protestations of innocence, Fowers had not meaningfully reasserted his innocence, in that he had not given "sufficient reasons to explain why contradictory positions were taken before the district court," as required under our caselaw. (District Court Order at A138 (quoting *Jones*, 336 F.3d at 252-53).)

[2]Under the Speedy Trial Act, courts must consider the following three factors when determining whether to dismiss an indictment with or without prejudice: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of [the Act] and on the administration of justice." 18 U.S.C. § 3162(a)(1).

4

(*Id.* at A141) concluded those rulings were correct.

Therefore, although we agree with the District Court that Mr. Hudak's performance may have been deficient, we also agree that Fowers cannot demonstrate that "but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The District Court did not abuse its discretion in denying Fowers's motion(s) to withdraw his guilty plea.

Accordingly, we will affirm the District Court's judgment of conviction. Fowers, however, challenges his sentence under *United States v. Booker*, __ U.S. __, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). Having concluded that the sentencing issues Appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.